UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

CIVIL MINUTES - GENERAL

| Case No. | CV 10-09013-MMM (SHx) | Date | January 24, 2011 |
|---|---|---|---|

| Title | Xuannha T. Huynh v. Roman Villa et al |
|---|---|

| Present: The Honorable | MARGARET M. MORROW | |
|---|---|---|
| ANEL HUERTA | | N/A |
| Deputy Clerk | | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **Order Remanding Action to Santa Clara Superior Court for Lack of Subject Matter Jurisdiction**

## I. FACTUAL BACKGROUND

On October 14, 2010, plaintiff Xuannha T. Huynh filed an unlawful detainer action in Santa Clara Superior Court against *pro se* defendant Roman Villa and certain fictitious defendants.[1] Huynh alleges that, on October 4, 2010, he and Que Tram Nguyen purchased real property located at 4521 Bolero Drive, San Jose, California 95111 ("the property") at a trustee foreclosure sale conducted in

---

[1] Notice of Removal, Exh. 1 (Summons and Complaint ("Complaint")), Docket No. 1 (Nov. 16, 2010). The following documents are attached to the summons and complaint: (1) Restricted Access to Unlawful Detainer Case Files; (2) Claim of Right to Possession and Notice of Hearing; (3) Writ of Possession of Real Property; (4) Three Day Notice to Quit; (5) Trustee's Deed Upon Sale ("Deed of Sale"); and (6) Notice of Default and Election to Sell Under Deed of Trust. Because they are attached as exhibits, the documents are incorporated into and may be deemed part of the complaint. See *Stoltie v. Geringson*, No. CIV S-08-2584 GEB DAD P, 2010 WL 1463517, *4 (E.D. Cal. Apr. 9, 2010) (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint. . .")).

compliance with California Civil Code §§ 2924 *et seq.*[2] On October 5, 2010, plaintiff served defendant with a notice to quit and deliver possession of the property in accordance with California Code of Civil Procedure § 1161(a).[3] Plaintiff alleges that defendant failed and refused to deliver possession of the property as required by § 1161(a), and that he continues in possession of the property without plaintiff's permission or consent.[4]

Plaintiff's complaint states a single state law claim for unlawful detainer.[5] Villa removed the action to federal court on November 16, 2010, alleging that "this case is that of complete diversity," that the "amount in controversy exceeds $95,000" and that the state court complaint pleads claims "'arising under' Federal Law."[6] Defendant contends that the action raises a federal question because of "the Moving Party's Discovery Request and Demand for: 'The Original Blue Inked Promis[s]ory Note.'"[7]

## II. DISCUSSION

### A.  Legal Standards Governing Removal Jurisdiction

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment[, however,] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(C).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant

---

[2] Deed of Sale at 23.

[3] Three Day Notice to Quit at 22.

[4] Complaint at 1-2.

[5] *Id.*

[6] Removal at 2.

[7] *Id.*

always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)). As the party seeking removal, the defendant must prove, by a preponderance of the evidence, facts sufficient to support jurisdiction. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

Removal jurisdiction can be based on diversity of citizenship or on the existence of a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required"); see also 28 U.S.C. § 1441(b); *id.*, § 1331 (the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"); *id.*, § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States").

### B.     Whether the Requirements for Diversity Jurisdiction Are Met

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the citizenship of the parties is completely diverse. 28 U.S.C. § 1332(a). Jurisdiction, including the amount in controversy, is determined at the moment of removal. See *In the Matter of Shell Oil Company*, 970 F.2d 355, 356 (7th Cir. 1992). In measuring the amount in controversy, a court must "assum[e] that the allegations of the complaint are true and assum[e that] a jury [will] return[ ] a verdict for the plaintiff on all claims made in the complaint." *Jackson v. American Bankers Ins. Co. of Florida*, 976 F.Supp. 1450, 1454 (S.D. Ala. 1997); see also *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994).

The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth an amount different than the amount pled in the complaint. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354 (1961); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007) (stating that under 28 U.S.C. §§ 1332, 1441, and 1453, a party seeking removal has to prove with "legal certainty" that the amount in controversy is satisfied, notwithstanding prayer for relief in complaint).

Here, the parties' citizenship is not diverse. Defendant contends he is a citizen of California,[8] and asserts that plaintiff too is a citizen of California.[9] Additionally, defendant has not met his burden of showing that the amount in controversy requirement is satisfied. Plaintiff's complaint states that

---

[8]*Id*.

[9]*Id*.

the "[a]mount demanded does not exceed $10,000."[10] The notice of removal alleges in conclusory fashion that "[defendant] believes that the amount in controversy exceeds $95,000."[11] This allegation, unsupported by facts of any kind, is not sufficient to prove to a legal certainty that the amount and controversy requirement has been met.

Because defendant has neither alleged facts that demonstrate compete diversity of citizenship between the parties, nor proffered facts that support a finding that the amount in controversy exceeds $75,000, the court lacks diversity jurisdiction to hear the matter.

> C.    Whether the Court Has Federal Question Jurisdiction to Hear the Matter

Federal question jurisdiction is presumed to be absent unless the defendant, as the party seeking removal, shows that plaintiff has either alleged a federal claim, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916), a state cause of action that requires resolution of a substantial issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.*, 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

Since a defendant may remove a case under § 1441(b) only if the claim could originally have been filed in federal court, whether removal jurisdiction exists must be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Caterpillar*, 482 U.S. at 392 ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint"); see also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Thus, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. *Rivet*

---

[10]Complaint at 1.

[11]Removal at 2.

*v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) ("A defense is not part of a plaintiff's properly pleaded statement of his or her claim"); *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"); *Franchise Tax Bd.*, 463 U.S. at 14 ("[A] case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case").

Defendant contends that removal is proper because "Federal Jurisdiction result[s] from the Moving Party's Discovery Request and Demand for: 'The Original Blue Inked Promisory [sic] Note.'"[12] "[F]ederal jurisdiction exists only when a federal question is presented on the *face* of the plaintiff's properly pleaded complaint," however. *Caterpillar*, 482 U.S. at 392 (emphasis added). A discovery request cannot give rise to federal question jurisdiction.

Defendant also contends that "the state court complaint pleads and alleges claims 'arising under' Federal Law."[13] Plaintiff's complaint does not, on its face, raise a federal question. It states a single claim for unlawful detainer, which is solely a state law cause of action. See *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank NA v. Lopez,* NO. C09-05985 HRL, 2009 WL 5218006, *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists"). Accordingly, removal based on federal question jurisdiction is improper.

### D. The Removal is Procedurally Improper

Finally, defendant's removal of the action to the Central District of California is procedurally improper. 28 U.S.C. § 1441 provides that, where a federal court would have original jurisdiction of a civil action filed in state court, defendant may remove the action "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The state court action defendant removed was filed in Santa Clara Superior Court, within the Northern District of California. As a consequence, removing the action to the Central District was procedurally improper under § 1441. See *Bank of New York v. Ribadeneira*, No. 10-cv-4991, 2010 WL 3885281, *2 (N.D. Ill. Sept. 30, 2010) (granting a motion to remand an Arizona state court unlawful detainer action, *inter alia*, because "removal, even if otherwise proper,

---

[12]*Id*. at 1.

[13]*Id*. at 2.

would have to be to the United States District Court for the District of Arizona" rather than a federal court in the Northern District of Illinois); *Dean v. Navy Federal Credit Union*, Civil Action No. RDB 09-1989, 2009 WL 3817587, *3 (D. Md. Nov. 12, 2009) (holding that a state action filed in Arlington, Virginia should have been removed to the Eastern District of Virginia rather than the District of Maryland).

### III.  CONCLUSION

For the reasons stated, the court lacks subject matter jurisdiction to hear this action, and directs the clerk to remand the case to Santa Clara Superior Court forthwith.